JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR NEDUELAN, an individual ) | CASE NO. CV 19-369-R |
| ) | |
| Plaintiff, ) | ORDER GRANTING PLAINTIFF'S |
| ) | MOTION TO REMAND |
| v. ) | |
| ) | |
| WERNER ENTERPRISES, INC.; et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

Before the Court is Plaintiff's Motion to Remand, which was filed on March 28, 2019. (Dkt. No. 12). Having been thoroughly briefed by both parties, this Court took the matter under submission on April 26, 2019.

On December 11, 2018, Plaintiff filed a Complaint in the Superior Court of California for the County of San Bernardino (Case No. CIVDS1832033). The Complaint asserts causes of action for: (1) actual/perceived disability discrimination in violation of Cal. Gov. Code § 12940 et. seq.; (2) actual/perceived disability retaliation in violation of Cal. Gov. Code § 12940 et. seq.; (3) failure to engage in the mandatory good faith interactive process in violation of Cal. Gov. Code § 12940 et. seq.; (4) failure to accommodate in violation of Cal. Labor Code § 12940; (5) failure to

pay overtime wages in violation of Cal. Labor Code § 510 and IWC Wage Order No. 4; (6) violation of Cal. Bus. & Prof. Code § 17200 et. seq. for unfair business practices; and (7) retaliation and wrongful termination in violation of public policy. Defendants timely removed the action to federal court on February 26, 2019 on the basis of diversity jurisdiction. Plaintiff now moves to remand this case to state court on the grounds that Defendant cannot prove by a preponderance of the evidence that diversity exists between the parties and that the amount in controversy exceeds $75,000. Defendant opposes, arguing that Plaintiff's potential recovery exceeds $75,000 and that complete diversity exists between the parties.

A defendant may remove a civil action from state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441(a). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). The removing party must prove its jurisdictional allegations by a preponderance of the evidence. *Id.* at 567. If the complaint does not clearly establish the jurisdictional amount, then the court may consider facts in the removal petition. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Courts "may view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists . . . ." *Jankins v. Wells Fargo Bank, N.A.*, 2017 WL 1181562, at *3 (C.D. Cal. March 29, 2017). The Federal Rules do not require that evidence in support of or in opposition to a motion to remand be admissible. *See id.*

Federal courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1331. For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and the state where it maintains its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). And "[t]he citizenship of an LLC is the citizenship of its members." *Neuport Assoc., LLC v. Newton*, 2016 WL 7176573, at *1 (C.D. Cal. Dec. 9, 2016). *See also Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) "[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens." Diversity is determined by the state of the facts at the time the action was filed. *Grupo Dataflux v.*

*Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004).

      Here, Defendants state in their Notice of Removal that at the time the Complaint was filed, Plaintiff was a California resident, that Defendant Werner Enterprises, Inc. is, and at the time the Complaint was filed was, a Nebraska Corporation, organized and existing under the laws of the State of Nebraska with its principal place of business in Nebraska. Furthermore, Defendants state that Defendant Drivers Management, LLC is a Delaware Limited Liability Company with its principal place of business in Nebraska. Defendants contend that because Plaintiff is a citizen of California, and neither Defendant is a citizen of California, and because they pled an amount in excess of $75,000 that the requirements of diversity jurisdiction have been satisfied. However, both parties incorrectly state the law for determining citizenship of a limited liability company. For purposes of diversity jurisdiction, a limited liability company is a citizen of every state in which its members are citizens. Defendants fail to provide evidence regarding citizenship of the members of Drivers Management, LLC. Without this information, this Court finds that Defendant has failed to meet its burden to show by a preponderance of the evidence that this court has subject matter jurisdiction pursuant to diversity jurisdiction. This Court finds it unnecessary to determine whether Defendants have sufficiently pled an amount in controversy in excess of $75,000 without finding complete diversity.

      **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is GRANTED. (Dkt. No. 12).

Dated: May 10, 2019.

                                                                   MANUEL L. REAL
                                          UNITED STATES DISTRICT JUDGE